[Cite as *Ohio Farmers Ins. Co. v. Earles*, 2011-Ohio-3103.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| OHIO FARMERS INSURANCE COMPANY | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Julie A. Edwards, J. |
| Plaintiff-Appellant | Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 2010CA00259 |
| COLIN EARLES, ET AL. | O P I N I O N |
| Defendant-Appellees | |

CHARACTER OF PROCEEDING:    Appeal from the Stark County Court of
                            Common Pleas

JUDGMENT:                   Reversed and Remanded

DATE OF JUDGMENT ENTRY:     June 20, 2011

APPEARANCES:

For Plaintiff-Appellant          For Defendant-Appellees

JEROME W. COOK                   AMELIA A. BOWER
ERIN K. WALSH                    PLUNKETT COONEY
MCDONALD HOPKINS LLC             300 East Broad Street Suite 590
600 Superior Avenue, East        Columbus, Ohio 43215
Suite 2100
Cleveland, Ohio 44114-2653

*Hoffman, P.J.*

{¶1} Plaintiff-appellant Ohio Farmers Insurance Company appeals the June 30, 2010 Judgment Entry of the Stark County Court of Common Pleas entering partial summary judgment in favor of Defendant-appellees Colin and Monika Earles, Brian and Traci Miller, Steven and Michele Sehmer, Steven and Mary Ann James, Chad and Mary Hecky, First Place Bank and Third Federal Savings & Loan Association.

STATEMENT OF THE FACTS AND CASE

{¶2} This case is one of a number of interrelated cases filed in the Stark County Court of Common Pleas, some of which have been assigned to different trial court judges and some of which have already made their way to this Court for review. We offer the following brief summary as background.

{¶3} On July 29, 2004, John Hershberger, acting as president of Danbury Glen Estates, Inc., filed with the Stark County Recorder a notice of commencement for improvements to real property pursuant to R.C. 1311.04. At the time, Danbury Glen Estates, Inc. was the owner of the real estate to be developed later described in the affidavit for mechanic's lien at issue.

{¶4} On April 4, 2006, Hersh Construction, one of the principal builders for the project, executed a note in favor of Fifth Third Bank in the amount of $1,552,800.00, plus interest. To secure the note, Hersh Construction executed a mortgage on twenty-one (21) lots of the Danbury Glen Estates development.

{¶5} Appellant Ohio Farmers served as the performance bond surety for Northern Valley Contractors, Inc. Northern Valley Contractors, Inc., assignor to Appellant Ohio Farmers, became involved in the development project and performed

work on the streets and the sanitary sewer system. On February 28, 2007, Northern Valley filed an affidavit for a mechanic's lien with the Stark County Recorder. The affidavit of mechanic's lien included at least 46 lots in the development project. By virtue of the performance bond, Northern Valley subsequently assigned its rights under its mechanics lien to Appellant Ohio Farmers.

{¶6} Northern Valley's affidavit of mechanic's lien was served on March 2, 2007 on the following: John Hershberger, Danbury Glen Estates, Inc., Jody Hershberger, and Hershberger Construction, Inc. Danbury Glen Estates LLC was named but not served with a copy of the affidavit. Furthermore, lots owned by Danbury Glen Estates LLC, Rural Investors LLC and Brian and Traci Miller were included in the affidavit. However, the affidavit was not served on certain owners of record for lots which were acquired prior to the filing of the mechanic's lien.

{¶7} In August 2008, Hersh Construction filed a declaratory judgment action in the Stark County Court of Common Pleas, under case number 2008 CV 3574, challenging the validity of the Ohio Farmer's Mechanic's Lien on the property owned by Danbury, Danbury Glen Estates, LLC, Hersh and Rural Investors, LLC.

{¶8} Multiple parties in case number 2008 CV 3574 filed motions for summary judgment. The trial court therein entered an order concerning summary judgment. Ohio Farmers, in lieu of an appeal in Case No.2008 CV 3574, entered into a resolution with the other parties, resulting in a May 6, 2009 Stipulated Judgment Entry which determined the mechanic's lien of 2/28/2007 was valid and would relate back to July 29, 2004, the notice of commencement.

**{¶9}** Prior to that litigation, Hersh had sold lots to Colin and Monika Earles, Steven and Michelle Sehmer and Brian and Traci Miller. During the pendency of the litigation, Hersh sold lots to Steven and Mary Ann James and Chad and Mary Hecky.

**{¶10}** Appellant filed the within action on July 15, 2009. The trial court granted partial summary judgment in favor of Appellees Colin and Monika Earles, Brian and Traci Miller, Steven and Michele Sehmer, Steven and Mary Ann James, Chad and Mary Hecky, First Place Bank and Third Federal Savings & Loan Association and denied summary judgment to Appellant via Judgment Entry of June 30, 2010.

**{¶11}** Appellant now appeals, assigning as error:

**{¶12}** "I. THE TRIAL COURT ERRED WHEN IT GRANTED PARTIAL SUMMARY JUDGMENT TO DEFENDANTS-APPELLEES BRIAN AND TRACI MILLER AND THEIR MORTGAGEE, FIRST PLACE BANK, AND DENIED SUMMARY JUDGMENT TO OHIO FARMERS ON GROUNDS OF THE TRIAL COURT'S DECLARATION THAT THE MECHANIC'S LIEN OF OHIO FARMERS WAS INVALID AS TO THE LAND OF BRIAN AND TRACI MILLER, AND WHERE THE TRIAL COURT FAILED TO CLARIFY OR RECONSIDER THAT DECLARATION, BASED UPON OHIO FARMERS' FAILURE TO IDENTIFY BRIAN AND TRACI MILLER AS OWNERS IN THE MECHANIC'S LIEN AFFIDAVIT AND SERVE THEM, WHERE THERE WAS NO DOCUMENTARY EVIDENCE PRESENTED BY BRIAN OR TRACI MILLER THAT OHIO FARMERS ACTUALLY KNEW THAT THEY HAD BECOME OWNERS OF THE PARCEL [i.e., ONE OF MANY AT ISSUE] JUST TWENTY-ONE DAYS PRIOR TO THE RECORDING OF OHIO FARMERS' MECHANIC'S LIEN.

{¶13} "II. THE TRIAL COURT ERRED WHEN IT GRANTED PARTIAL SUMMARY JUDGMENT TO ALL DEFENDANTS-APPELLEES AND DENIED SUMMARY JUDGMENT TO OHIO FARMERS ON GROUNDS OF THE TRIAL COURT'S DECLARATION THAT THE MECHANIC'S LIEN OF OHIO FARMERS WAS INVALID IN ITS TOTALITY, AND FAILED TO CLARIFY OR RECONSIDER THAT DECLARATION, ON THE ERRONEOUS PREMISE THAT OHIO'S MECHANIC'S LIEN LAW IMPOSES A STATUTORY OBLIGATION UPON MECHANIC'S LIEN CLAIMANTS TO PERFORM A TITLE SEARCH AND PRESUMABLY UPDATE THAT TITLE SEARCH TO THE VERY SECOND BEFORE RECORDING OF THE MECHANIC'S LIEN, OR RISK FORFEITURE, AS A MATTER OF LAW, OF THEIR ENTIRE MECHANIC'S LIEN AS TO ALL LAND DESCRIBED THEREIN, AS A RESULT OF ITS FAILURE TO DISCOVER THE IDENTIFY OF ONE OWNER OF ONE PARCEL, NO MATTER HOW RECENTLY THAT OWNER MAY HAVE ACQUIRED TITLE, NO MATTER THAT THE MECHANIC'S LIEN IDENTIFIED ALL OWNERS AND OWNERS' DESIGNEES IDENTIFIED IN THE NOTICE OF COMMENCEMENT [WHO OWNED MANY SEPARATE PARCELS] AND THAT THESE OWNERS AND OWNERS' DESIGNEES WERE SERVED WITH THE MECHANIC'S LIEN AFFIDAVIT.

{¶14} "III. THE TRIAL COURT ERRED WHEN IT GRANTED PARTIAL SUMMARY JUDGMENT TO DEFENDANT-APPELLEES COLIN AND MONIKA EARLES, CHAD AND MARY HECKY, STEVEN AND ANN JAMES, AND STEVEN AND MICHELLE SEHMER AND THEIR MORTGAGEES, AND DENIED SUMMARY JUDGMENT TO OHIO FARMERS ON GROUNDS OF THE TRIAL COURT'S DECLARATION, AND ITS FAILURE TO CLARIFY OR RECONSIDER THAT

DECLARATION, THAT OHIO FARMER'S MECHANIC'S LIEN WAS INVALID AS TO THE PARCELS OWNED BY DEFENDANTS-APPELLEES COLIN AND MONIKA EARLES, CHAD AND MARY HECKY, STEVEN AND ANN JAMES, AND STEVEN AND MICHELLE SEHMER WHERE THE UNDISPUTED DOCUMENTARY EVIDENCE PROVED THAT THAT THESE OWNERS ALL TOOK TITLE AND THE MORTGAGEES TOOK THEIR MORTGAGORS AFTER THE RECORDING OF OHIO FARMERS' MECHANIC'S LIEN AND THE OWNERS RECEIVED THEIR TITLES FROM HERCH CONSTRUCTION, INC. WHO HAD BEEN IDENTIFIED IN OHIO FARMERS' MECHANIC'S LIEN AND WHO HAD BEEN SERVED WITH THE MECHANIC'S LIEN AFFIDAVIT.

{¶15} "IV. THE TRIAL COURT ERRED WHEN IT GRANTED PARTIAL SUMMARY JUDGMENT TO ALL DEFENDANTS-APPELLEES AND DENIED SUMMARY JUDGMENT TO OHIO FARMERS ON GROUNDS OF THE TRIAL COURT'S DECLARATION THAT THE VALIDITY OF OHIO FARMERS' MECHANIC'S LIEN WAS SUBJECT TO COLLATERAL ATTACK BY ALL DEFENDANTS-APPELLEES DESPITE THE TRIAL COURT'S FULL KNOWLEDGE OF TWO PREVIOUS FINAL ORDERS BY THE STARK COUNTY COURT OF COMMON PLEAS IN TWO SEPARATE CASES THAT SPECIFICALLY DECLARED THE VALIDITY AND AMOUNT OF OHIO FARMER'S MECHANIC'S LIEN AND WHERE NO ALLEGATIONS OR PROOF OF FRAUD OR LACK OF JURISDICTION WERE RAISED OR SUPPORTED BY DEFENDANTS-APPELLEES BELOW.

{¶16} "V. THE TRIAL COURT ERRED WHEN IT GRANTED PARTIAL SUMMARY JUDGMENT TO ALL DEFENDANTS-APPELLEES AND DENIED

SUMMARY JUDGMENT TO OHIO FARMERS WHERE THE TRIAL COURT REFUSED TO RECOGNIZE THE RES JUDICATA EFFECT OF THE STIPULATED JUDGMENT ENTRY IN STARK COUNTY COMMON PLEAS COURT CASE NO. 2008 CV 03574 RELATING TO THE VALIDITY AND AMOUNT OF OHIO FARMERS' MECHANIC'S LIEN ON THE VERY PARCELS THAT WERE TRANSFERRED BY HERSH CONSTRUCTION, INC. DIRECTLY TO EACH OF THE DEFENDANTS-APPELLEES AND UPON WHICH THE BANK DEFENDANTS-APPELLEES TOOK THEIR RESPECTIVE MORTGAGES.

{¶17} "VI. THE TRIAL COURT ERRED WHEN IT DECLARED THAT THE EFFECTIVE DATE OF THE AGREED JUDGMENT ENTRY, NUNC PRO TUNC, FILED IN STARK COUNTY CASE NO. 2007-CVO-1663 [OVER WHICH JUDGE CHARLES BROWN, NOT JUDGE FORCHIONE, HAD JURISDICTION] WAS EFFECTIVE FROM THE DATE OF ITS FILING ON MAY 6, 2009 AND THAT ITS EFFECTIVE DATE DID NOT RELATE BACK TO THE DATE OF THE AGREED JUDGMENT ENTRY THAT IT WAS OBVIOUSLY INTENDED TO CLARIFY WHICH WAS FILED ON AUGUST 3, 2007."

### I, II, & III

{¶18} Appellant's first three assigned errors raise common and interrelated issues; therefore, we will address the arguments together.

{¶19} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. Therefore, we must refer to Civ.R. 56(C), which provides, in pertinent part: "Summary

judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

{¶20} Pursuant to the above rule, a trial court may not enter summary judgment if it appears that a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates that the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 1997–Ohio–259, 674 N.E.2d 1164, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.

{¶21} At issue herein is the validity of the mechanic's lien filed by Northern Valley Contractor's Inc. now owned by Ohio Farmers.

{¶22} On October 21, 2008, Fifth Third Bank filed a complaint in Stark County Common Pleas Case 2008 CV 4442 seeking judgment on the note, mortgage and guarantee in this case. The complaint alleged Hersh had defaulted on a mortgage granted to Fifth Third on twenty-one lots in the subdivision known as Danbury Glen Estates. Appellant Ohio Farmers, as the surety for Northern Valley Contractors, Inc., filed a motion to intervene, seeking to protect a balance of more than $539,000.00 for Northern Valley Contractors, Inc's contracting work. The trial court granted the motion to intervene.

{¶23} On February 2, 2010, Appellant Ohio Farmers filed the aforesaid stipulated judgment entry of May 6, 2009, and the responses of Danbury Glen and Hersh Construction to request for admissions from case number 2008 CV 3574.

{¶24} Upon reviewing the parties' briefing of the issues, the trial court granted Fifth Third's motion for summary judgment and denied Ohio Farmer's motion for summary judgment, concluding, inter alia, that the 2/28/07 affidavit of mechanic's lien filed by Northern Valley Construction did not create a lien against the real estate in question. The matter proceeded to appeal before this Court.

{¶25} Via Judgment Entry of April 11, 2011, this Court reversed and remanded the decision of the trial court finding the owners' name omissions did not render the mechanics lien invalid as to the lot owners, including the Millers. *Fifth Third Bank v. Ohio Farmers Insurance Company*, (April 11, 2011) Stark App. Case No. 2010CA00286. This panel agrees with our colleagues rationale and decision finding the mechanics lien is valid.

{¶26} Appellant's first three assignments of error are sustained.

IV, V, and VI

**{¶27}** In light of our disposition of Appellant's Assignments of Errors I, II, and III, we find any discussions of these assignments of error to be moot.

**{¶28}** The June 30, 2010 Judgment Entry of the Stark County Court of Common Pleas is reversed, and the matter remanded for further proceedings in accordance with the law and this opinion.

By: Hoffman, P.J.

Edwards, J. and

Delaney, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

OHIO FARMERS INSURANCE
COMPANY

    Plaintiff-Appellant

-vs-

COLIN EARLES, ET AL.

    Defendant-Appellees

:
:
:
:
:
:
:
:
:
:
:

JUDGMENT ENTRY

Case No. 2010CA00259

For the reason stated in our accompanying Opinion, the judgment of the Stark County Court of Common Pleas is reversed, and the matter is remanded to that court for further proceedings in accordance with the law and our Opinion.  Costs to Appellees.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS


s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY